STIKL, Plaintiff, vs. WILLIAMS and others, Defendants.
[Three appeals.] *

*April 7—May 6, 1952.*

* Motion for rehearing denied, with $25 costs, on June 20, 1952.

*N. Paley Phillips* and *Irving D. Gaines,* attorneys, and *Howard A. Hartman* of counsel, all of Milwaukee, for the plaintiff.

For the defendants Richard Gene Williams and Hartford Accident & Indemnity Company there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

For the defendants Henry Stikl and Northwestern National Casualty Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *Richard S. Gibbs* of counsel, all of Milwaukee, and oral argument by *Mr. Gibbs.*

On the cross-appeal of the defendant Henry Stikl the cause was submitted on the brief of *A. W. Richter* of Milwaukee.

BROADFOOT, J.  The plaintiff Ruby Stikl and the defendant Henry Stikl are husband and wife. They left their home in Milwaukee on the afternoon of April 18, 1947, in an automobile owned and driven by Henry Stikl. At about 4:30 in the afternoon of said day they were driving north on Highway 51, a short distance north of the village of Endeavor. In attempting to pass a car driven by the defendant Williams, which was going in the same direction, the left wheels of the Stikl car went off the pavement onto the shoulder of the highway. The shoulder had been recently graded and it was muddy and covered with snow and slush. After passing the Williams car, Stikl turned back upon the pavement but in some manner lost control of the car, which crossed the pavement and went into the ditch on the east side of the highway. The car overturned and was badly damaged, and both Mr. and Mrs. Stikl suffered personal injuries.

There was a dispute as to the facts. The plaintiff and her husband testified that both cars were proceeding at a moderate rate of speed; that Henry Stikl sounded his horn as he started to pass the Williams car but that Williams turned his automobile to his left to such an extent that Stikl was forced to leave the paved portion of the highway. Williams had a passenger in his car named Virginia Fish. They were married between the time of the accident and the time of the trial. They testified that the Williams car at all times was on his side of the highway, and Williams further testified that Stikl was driving at an excessive rate of speed at the time he passed. There was no evidence that the cars collided or touched in any manner.

In its memorandum decision the trial court stated:

"It should be noted that in the opinion of the court the plaintiff at no time during the trial of the case, nor in the arguments made to the jury, assumed the burden of proof to establish negligence on the part of the defendant Henry Stikl. I am of the opinion that the plaintiff deliberately attempted to absolve the defendant Stikl of any responsibility for the accident which occurred. The trial court in this situation was placed in the compromising position of having to instruct the jury that the burden of proof to establish, by a preponderance of the evidence and to a reasonable certainty, any negligence on the part of the defendant Henry Stikl in respect to management and control of his automobile was upon the plaintiff and the defendant Richard Gene Williams.

"Furthermore, the plaintiff had the advantage, by naming Henry Stikl and his insurance carrier defendants, of, under the statute, calling Henry Stikl adversely as her first witness and then proceeding through the rest of the trial, to virtually abandon the responsibility of burden of proof upon the subject of that defendant's alleged negligence.

"In addition, counsel for the defendant Stikl, during the argument on his behalf, announced to the jury that the court would undoubtedly instruct the jury upon sudden emergency, and so vehemently and thoroughly discussed that subject that the court, under the circumstances, felt that the defini-

tion of sudden emergency and unavoidable accident, applicable to both of the defendants and the plaintiff, should be given. Under the circumstances outlined, the court rejects the suggestion that the verdict returned by the jury is perverse. It becomes understandable when counsel, because of what they conceive to be trial 'strategy,' failed to fairly present the evidence or to assume the responsibility of carrying forward the proofs consistently with the issues framed by the pleadings filed."

For the reasons there stated the trial court granted a new trial to the plaintiff against her husband and his insurer in the interest of justice.

Mr. and Mrs. Stikl had the burden of proof as to their claims of negligence on the part of the defendant Williams. They failed to meet this burden of proof, and there was ample credible evidence in the record to sustain the finding of the jury that Williams was not negligent in his conduct and in his operation of his automobile at and immediately prior to the time of the accident.

The plaintiff also had the burden of proof as to the negligence of her husband if she wished to recover from him. Although it was the opinion of the trial court that she "failed to fairly present the evidence or to assume the responsibility of carrying forward the proofs consistently with the issues framed by the pleadings," the defendant Williams, by way of defense, consistently maintained that Henry Stikl was negligent in the operation of his automobile and that his negligence was the sole cause of the accident. It is apparent that the jury had before it all of the testimony which could be adduced. All of the issues were litigated. There was testimony that there was slush and snow upon the highway, that it was wet, and that it was slippery.

Although neither party pleaded unavoidable accident, there may undoubtedly be accidents of that character in which neither party is liable in damages. The mere fact that Stikl drove upon the shoulder of the highway does not constitute negligence on his part as a matter of law. Stikl had no knowl-

edge of the recent grading of the shoulder or its soft and muddy condition, and this situation was concealed from him by the snow and slush that covered the shoulder. There is evidence that supports the finding of the jury. The claimants failed to meet the burden of proof and to establish actionable negligence. Judgment should have been entered upon the verdict.

*By the Court.*—Order reversed and cause remanded with directions to enter judgment dismissing plaintiff's complaint. The judgment appealed from is affirmed.